1  KEVIN V. RYAN, SBN 118321
   United States Attorney
2  JOANN M. SWANSON, SBN 88143
   Assistant United States Attorney
3  Chief, Civil Division
   SARA WINSLOW, DCBN 457643
4  Assistant United States Attorney

5  450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102
6  Telephone: (415) 436-7260
   Facsimile:  (415) 436-7169
7
   Attorneys for Defendant
8

9                   UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11                      SAN FRANCISCO DIVISION

12  SUSIE H. SILVA,                )
                                   )
13         Plaintiff,               )    CIVIL NO.   06-02299 MMC
                                   )
14         v.                       )    STIPULATION AND ORDER OF
                                   )              REMAND
15  JO ANNE B. BARNHART,            )
    Commissioner of Social Security,)
16                                 )
           Defendant.               )
17  _____ )

18       The Commissioner has notified the United States Attorney's Office that the recording tape of

19  the administrative hearing, which was held on November 3, 2004 is totally blank.  The Commissioner

20  of Social Security has, therefore, requested remand under Sentence 6 of 42 U.S.C. 405(g) in order to

21  remand the claim to an Administrative Law Judge (ALJ) for reconstruction of the administrative

22  record, to hold another hearing, and to issue a new decision.

23       Pursuant to section 205(g) of the Social Security Act, 42 U.S.C. 405(g):

24       The court may, on motion of the Commissioner made for good cause shown before he
         files his answer, remand the case to the Commissioner for further action by the
25       Commissioner .

26  See Melkonyan v. Sullivan, 501 U.S. 89, 101 n.2 (1991); Shalala v. Schaefer, 509 U.S. 292(1993).

27       The joint conference committee of Congress in reporting upon the Social Security Disability

28  Amendments of 1980 (to the Social Security Act) stated that in some cases procedural difficulties,

such as an inaudible hearing tape or a lost file, necessitate a request for remand by the Secretary. The intent of the committee was that such procedural defects be considered "good cause" for remand. The committee states:

> Such a situation is an example of what could be considered 'good cause' for remand. Where, for example, the tape recording of the claimant's oral hearing is lost or inaudible, or cannot otherwise be transcribed, or where the claimant's files cannot be located or are incomplete, good cause would exist to remand the claim to the Secretary for appropriate action to produce a record . . . (H.R. Rep. No. 96-944, 96th Cong., 2d Sess. 59 (1980)).

Good cause having been shown, the parties agree that this action should be remanded to the Commissioner of Social Security for further proceedings. Upon receipt of the stipulation of the parties, the Appeals Council will remand the case to an ALJ for reconstruction of the administrative record, for a new hearing, and to issue a new decision. Defendant will respond to Plaintiff's complaint in this Court when Plaintiff's record is complete and/or when an administrative transcript is prepared.

Dated: May 11, 2006
/s/
JAMES HUNT MILLER
Attorney for Plaintiff

KEVIN V. RYAN
United States Attorney

Dated: May 11, 2006    By:    /s/
SARA WINSLOW
Assistant United States Attorney

PURSUANT TO STIPULATION, IT IS SO ORDERED that this action is remanded, pursuant to sentence six of 42 U.S.C. 405(g), to the Commissioner for further proceedings as stated above.

Dated:   May 12, 2006
_____
MAXINE M. CHESNEY
United States District Judge